UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRELL G. MCCLINTON,

        Petitioner,                              Case No. 2:14-cv-242

v.                                              Honorable R. ALLAN EDGAR

CATHERINE BAUMAN,

        Respondent.
_____/

## MEMORANDUM AND ORDER

Petitioner Terrell Germaine McClinton filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his jury conviction for second degree murder in violation of Mich. Comp. Laws § 750.317. Petitioner was sentenced to a 25 to 50 year term of imprisonment. Petitioner was convicted of engaging in a fist fight with his victim, landing a blow that knocked his victim to the pavement, and repeatedly striking the victim in the head and neck. The victim died as a result.

Petitioner argues in that:

I. Defendant was denied a fair trail violating his due process and equal protection rights guaranteed by the Michigan Constitution and the United States Constitution under the Sixth and Fourteenth Amendment.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application

for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas

court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner argues that he "was deprived of his right where the court declined to instruct the jury on Involuntary Manslaughter as requested by defense." PageID.6. Petitioner claims that the jury should have been given an instruction allowing the jury to find that the victim's death was accidental. Petitioner argues that the instruction was justified because there was no evidence of intent produced at trial. The Michigan Court of Appeals rejected this claim explaining:

> McClinton contends that the trial court erred by failing to instruct the jury on the offense of involuntary manslaughter because it was supported by a rational view of the evidence. We disagree.
>
> The difference between murder and manslaughter is the element of malice. The crime of involuntary manslaughter includes "the unintentional killing of another, *without malice*, during the

3

commission of an unlawful act not amounting to a felony and not naturally tending to cause great bodily harm . . ." A defendant charged with murder is entitled to an instruction on the offense of involuntary manslaughter if such an instruction is "supported by a rational view of the evidence." "[D]etermining whether a rational view of the evidence may support a manslaughter conviction requires considering whether a rational jury could conclude that the defendant did not act with malice . . . ." Malice may be implied from the circumstances of a death, and includes (1) the intent to kill, (2) the intent to cause great bodily harm, and (3) the wanting and willful disregard of a tendency to cause death or great bodily harm.

In *People v McMullan*, this Court held a rational view of the evidence in that case did not support an instruction on involuntary manslaughter. In *McMullan*, the defendant was angry at the victim and had a fistfight with him in a parking lot. After the fight ended, the victim got into his car. The defendant grabbed a gun, went to the victim's car, prevented the victim from leaving the car, and then shot the victim at close range in the chest.

This Court concluded that the facts in the case did not support an instruction on involuntary manslaughter. This Court reasoned the defendant's continuance of the fight, his maintenance of a dominant position over the victim, and his act of pulling the trigger of the gun all indicated that the defendant acted maliciously.

We conclude that, as in *McMullan*, a rational view of the evidence in this case does not support McClinton's claims that his actions were not malicious. Here, the witnesses testified that Sams was clearly unconscious after he fell. According to Vasquez and Gibson, McClinton paused a couple of seconds, then stepped forward, stood over McClinton's head, and hit him four or five additional times. McClinton's maintenance of a dominant position over Sams, his pause, and his decision to land additional blows on Sams's head while he was unconscious indicate that McClinton acted with *at least* a willful and wanton disregard of the likelihood that his actions would cause death or great bodily harm. We conclude that the trial court's decision not to instruct the jury on involuntary manslaughter did not fall outside the range of reasonable and principled outcomes.

PageID.387-388 (citations omitted).

4

Typically, a claim that a trial court gave an improper jury instruction is not cognizable on habeas review. Instead, Petitioner must show that the erroneous instruction "so infected the entire trial that the resulting conviction violates due process." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977). *See also Estelle v. McGuire*, 502 U.S. 62, 75 (1991) (erroneous jury instructions may not serve as the basis for habeas relief unless they have "so infused the trial with unfairness as to deny due process of law"); *Rashad v. Lafler*, No. 09-2371, slip op. at 7 (6th Cir. Apr. 5, 2012) (same); *Sanders v. Freeman*, 221 F.3d 846, 860 (6th Cir. 2000). If Petitioner fails to meet this burden, he fails to show that the jury instructions were contrary to federal law. *Id.*

The Court instructed the jury that Petitioner could not be found guilty of second degree murder if he did not intend to cause the victim's death. In the Michigan Court of Appeals, Petitioner also raised the claim that the Court should have instructed the jury on the defense of accident. The Michigan Court of Appeals found that there was no evidence to support a lack of intent to strike the victim and further explained that:

> the trial court did instruct the jury that, in order to find McClinton guilty of second degree murder, it must find that he intended to kill Sams. Thus, the trial court fairly informed the jury that it could not find McClinton guilty if it accepted his assertion that he did not intend Sams's death. We conclude that the trial court did not err by declining to instruct the jury on the defense of accident.

PageID.389. Therefore, the jury could have acquitted Petitioner if the jury agreed with the defense that Petitioner did not intend to kill his victim. Petitioner has failed to show that a Constitutional error occurred by the trial court's failure to give an involuntary manslaughter instruction.

Further, in *Beck v. Alabama*, 447 U.S. 625 (1980), the Supreme Court held that a death sentence was unconstitutional where the jury was never instructed on a lesser included noncapital offense where the evidence supported such a verdict. The Court concluded:

5

> While we have never held that a defendant is entitled to a lesser included offense instruction as a matter of due process, the nearly universal acceptance of the rule in both state and federal courts establishes the value to the defendant of this procedural safeguard. That safeguard would seem to be especially important in a case such as this. For when the evidence unquestionably establishes that the defendant is guilty of a serious, violent offense -- but leaves some doubt with respect to an element that would justify conviction of a capital offense -- the failure to give the jury the "third option" of convicting on a lesser included offense would seem inevitably to enhance the risk of an unwarranted conviction.
>
> Such a risk cannot be tolerated in a case in which the defendant's life is at stake. As we have often stated there is a significant constitutional difference between the death penalty and lesser punishments.

*Id.* at 637. The Supreme Court left open the question whether the Due Process Clause is violated when a lesser included offense is omitted from jury consideration in a noncapital case. *Id.* at 638 n. 14. The Sixth Circuit has held that the failure to instruct on a lessor included offense in a noncapital case is not "such a fundamental defect as inherently results in a miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990); see also *Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002). Accordingly, Petitioner cannot show that the denial of an involuntary manslaughter instruction violated his Constitutional rights. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[1]

    Accordingly, the Petition is Dismissed.

---

[1] Petitioner raised issues regarding a defense of an accident instruction and a missing witness instruction in the state appellate courts. Those issues were not presented in this habeas petition. Nevertheless, the Michigan Court of Appeals decision rejecting those claims was not an unreasonable application of Constitutional law.

In addition, if Petitioner should choose to appeal this action, a certificate of appealability is denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Memorandum and Order will be entered.

SO ORDERED.

Dated:     6/29/2016                           /s/ R. Allan Edgar
                                               R. ALLAN EDGAR
                                               UNITED STATES DISTRICT JUDGE